### F. J. CALVIT v. ADAM E. CLOUD.

That negroes were transferable as slaves in the State of Coahuila and Texas in 1834, is not now an open question.

Prior possession is sufficient to sustain an action for the recovery of a slave, against a wrong doer.

There is nothing in the objection to the deposition of the witness Cloud, that she spoke of a deed of gift that was not before her, as the deed itself was in evidence upon the trial.

In a suit for the recovery of a slave and damages for detention, damages for hire can only be computed from the time of the demand ; and if no demand is proved, the service of the writ is the time from which the damages should be computed. In this case, the slave was wrongfully taken from the possession of the plaintiff's guardian.

Error from Brazoria. Suit by the appellee for a slave Emily and her child, and damages for their detention, in the nature of hire. A witness for plaintiff, R. J. Cloud, in answer to a

question as to what she knew about the title to the slave Emily, replied that she "was given by Adam E. Cloud's grand-"father direct to him; the deed of gift is or should be on "record in Brazoria county, witnessed by Hinds and Maxey." An objection to this testimony, on the ground that the deed was not before the witness when she testified, was overruled, and defendant excepted. There was a deed in evidence from Adam Cloud, dated May 24th, 1834, to his grandson Adam E. Cloud, for certain slaves, including the slave Emily, witnessed by G. Hinds, E. Maxey and another.

In the Fall of 1847 the defendant took the slave Emily and her child from the possession of the plaintiff's father, under color of some legal process, the nature of which did not appear.

The suit was commenced on the 13th of October, 1848. Verdict December 10th, 1853, for the plaintiff, for the slave Emily, valued at $800; her child, valued at $200; for the hire of Emily for six years, at $130 per year, $780. Judgment accordingly.


*J. W. Harris*, for plaintiff in error.

*J. B. & G. A. Jones*, and *J. H. Bell*, for defendant in error.


WHEELER, J.   The assignment of errors brings in question, 1st. The plaintiff's title.   2d. The admissibility of evidence; and 3d. The refusal of a new trial.

The plaintiff derived title by a deed of gift from his grandfather, made in the jurisdiction of Brazoria, in the State of Coahuila and Texas, in May, 1834.   The defendant pleaded that at that date the property in slaves could not be legally held and transferred in the State of Coahuila and Texas.   The Court adjudged the plea insufficient; and that it was rightly so held is not now an open question.   (Robbins' Adm'r v. Walters, 2 Tex. R. 130; Guess v. Lubbock, 5 Tex. R. 535.)

Moreover, the plaintiff's prior possession was a sufficient title

Clavit v. Cloud.

to enable him to maintain the action against a mere trespasser and wrong doer, which the defendant appears to have been.

There is nothing in the objection to the deposition of the witness Cloud, that she spoke of a deed of gift that was not before her, as the deed itself was in evidence upon the trial.

The only ground taken in the motion for a new trial which requires notice is, that the verdict gave damages for hire of the negroes, before the bringing of the suit. And it does appear, by the verdict, that the jury computed the hire at $130 per annum, for the period of six years, which must have included about ten months before judicial demand, and no other demand was proved. In the case of Robbins' Adm'r v. Walters, (2 Tex. R. 130,) the rule was laid down, and has since been followed, that in a suit for the recovery of a slave and damages for the detention, damages for hire can only be computed from the time of the demand ; and if no demand is proved, the service of the writ is the time from which the damages should be computed. (8 Tex. R. 427 ; 4 Tex. R. 14.) This rule, thus limiting the time of computing hire in suits for the recovery of slaves, was adopted, doubtless, from a consideration of the ruinous consequences which might follow the application of a different rule, where this species of property is recovered by suit from one who has been long in possession, and it may be, in ignorance of the plaintiff's right ; the plaintiff being within some one of the exceptions which prevent the running of the Statute of Limitations. If only cases of the character of the present had been in contemplation, it is not probable that such a rule would ever have obtained. But the application of the rule must be uniform. And it results from its application to this case, that the verdict is excessive, to the amount of the hire for about ten months before the bringing of the suit ; which may be remitted, and the judgment will be affirmed ; otherwise it must be reversed and remanded for a new trial.

Judgment affirmed.